# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CLIFF O. HANSON,

    Plaintiff,

vs.                                 Case No. 4:09cv126-SPM/WCS

OWEN McCAUL,
and ADAM RUIZ,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff initiated this § 1983 civil rights case on April 7, 2009. Doc. 1. At that time, Plaintiff was a prisoner, incarcerated at Washington Correctional Institution. *Id.*, at 2. It has taken some time for Plaintiff to submit a sufficient financial affidavit to support an *in forma pauperis* motion. Plaintiff has, however, now filed an affidavit which gives more detail about his financial ability. Doc. 18. Sufficient cause having been shown, the motion for leave to proceed *in forma pauperis*, doc. 18, is granted. The Clerk shall file the complaint without requiring the payment of the filing fee.

Prior to review of the complaint, judicial notice is taken that Plaintiff did not honestly disclose all prior cases he has filed. A civil rights complaint must be signed

under penalty of perjury indicating all statements are true and correct. The complaint form requires prisoner litigants to list all other cases initiated, include habeas petitions and those cases filed in state court. *See* doc. 1, p. 6. Such disclosures are necessary for the Court to fulfill its obligations to determine that a prisoner is entitled to proceed *in forma pauperis* 28 U.S.C. § 1915(g). In this action, Plaintiff lists having filed just one state court case and appeal, and only one federal case, which he acknowledges was dismissed for failing to state a claim. *Id.*, at 5-6. Plaintiff states that the federal case was against the law office of Banks & Morris, and Magistrate Judge Alan Kornblum was the judge. *Id.* Plaintiff writes "N/A" for the case number, dismissal date, and filing date. *Id.*, at 6. It appears that Plaintiff's case was 4:06cv348-RH/AK. Plaintiff filed the case on July 21, 2006, doc. 1, and it was dismissed under 28 U.S.C. § 1915(e)(2) on November 23, 2007. Doc. 52 of that case.

Plaintiff fails to disclose a petition for writ of habeas corpus he filed in this Court under § 2254 on June 20, 2007, which was dismissed without prejudice on January 9, 2008, for failure to exhaust available state remedies. Case 4:07cv287-RH/WCS. Plaintiff also failed to acknowledge case 4:07cv403-RH/WCS which he initiated on September 19, 2007. I entered a report and recommendation for dismissal of that case because Plaintiff failed to file an amended complaint and the financial affidavit as ordered. Doc. 5. The case was dismissed prior to service in mid-December, 2007. Docs. 6, 7. Plaintiff also failed to disclose case 4:03cv281-WS/WCS, which he initiated on September 5, 2003. Doc. 1. It was likewise dismissed for failing to file an amended complaint in late April, 2004. Docs. 15, 16 of that case.

It is noted also that Plaintiff initiated case 3:09cv195-RV/EMT on May 6, 2009, just a month after initiated this case. A report and recommendation was entered in that case by Magistrate Judge Timothy on June 1, 2009, recommending dismissal of the case as malicious for Plaintiff's failure to disclose prior cases he had filed. Doc. 10, of case 3:09cv195. The report and recommendation was adopted and the case dismissed on July 2, 209. Docs. 13, 14 of that case.

The federal courts have authority to control conduct of the litigants who come before the courts. It is required that a litigant who signs a complaint under penalty of perjury provide true and accurate statements. Plaintiff's complaint is not true or accurate because Plaintiff fails to list all cases he has filed. The false responses provided cannot be allowed to proceed without repercussion. As a sanction for Plaintiff's abuse of the judicial process in not disclosing all cases as required, this case should now be dismissed. If Plaintiff wishes to re-file this litigation, he is permitted to do so, but he must complete the complaint form with appropriate and honest responses.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 18, is **GRANTED** and the Clerk of Court shall file this complaint without requiring payment of the filing fee.

2. Plaintiff's previously filed motions for *in forma pauperis* status, docs. 2, 12, and 14, are **DENIED as moot**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** as malicious for Plaintiff's failure to honestly and completely disclose all prior cases he has filed, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2009.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**